## PHILLIP RAKOWSKI v. FRANK NOWACKI.[1]

November 23, 1923.

No. 23,579.

**Summoning· jurors from the bystanders or from the county at large.**

    1.  Chapter 485, Laws 1917, which amends G. S. 1913, § 7971, and which provides that special venires shall first be drawn from the box in which the names of jurors selected by the county board are deposited, does not prevent the court, in the event that a sufficient number of jurors for the trial of a case cannot be obtained from those regularly drawn and summoned, from completing the jury by causing jurors to be drawn from the bystanders or from the county at large pursuant to section 7970.

**Refusal of requests proper.**

    2.  There were no errors in the charge nor in the refusal of requested instructions.

Action in the district court for Marshall county to recover $10,000 for maliciously causing the issue of a search warrant. The case was tried before Grindeland, J., who when plaintiff rested denied defendant's motion to dismiss, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Julius J. Olson* and *W. E. Rowe,* for appellant.

*E. A. Brekke* and *A. N. Eckstrom,* for respondent.

DIBELL, J.

Action for the malicious prosecution of a warrant for the search of the plaintiff's premises for an auto tire and auto tools alleged to have been stolen. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. When the case was called· for trial there were 13 available jurors. It became necessary to call others. The court directed the sheriff to summon talesmen. The plaintiff objected, insisting that additional jurors should be called from the list of voters prepared

[1]Reported in 195 N. W. 890.

by the county board and filed with the clerk and whose names were in the box. There were in the box the names of sufficient jurors. His objection was overruled.

Section 7970, G. S. 1913, relative to the summoning of bystanders is as follows:

"When, by reason of challenge or other cause, a sufficient number of jurors, drawn and summoned, cannot be obtained for the trial of any cause, the court shall cause jurors to be returned from the bystanders, or from the county at large, to complete the panel. Such persons shall be qualified to serve as jurors, and shall be returned by the sheriff or his deputy, or by the coroner, or by any disinterested person appointed by the court."

Section 7971 provides for the selection by the county board of a list of qualified voters to serve as jurors. This list is transmitted to the clerk of the court. Section 9101, referring to grand jurors, directs the clerk, upon receiving the list, to write the names of the selected voters on separate pieces of paper and deposit them in a box, and from this box the jury panel for a term is drawn. Section 7963 provides that petit jurors shall be drawn in the same manner as grand jurors.

Section 166, which is repealed by Laws 1917, p. 823, c. 485, was as follows:

"Whenever at any term there is an entire absence or a deficiency of jurors, whether from an omission to draw or to summon such jurors or because of a challenge to the panel, or from any other cause, the court may order a special venire to issue to the sheriff of the county, commanding him to summon from the county at large a specified number of competent persons to serve as jurors for the term, or for any specified number of days."

The act of 1917 amends section 7971, using the common phrase "so as to read as follows." The amendment includes section 7971 in its original form except for a few minor changes not important here. It incorporates section 166, without change, except that the article "a" before the word "deficiency" is omitted. In connection with this section it adds this proviso:

"Provided that before such special venire shall issue the jurors who have been selected by the county board and whose names are still in the box provided for in section 9101 of said General Statutes, shall first be called and upon an order of the court the number of names required for such special venire shall be drawn from said box in the manner required by law and the jurors so drawn, shall be summoned by the sheriff as other jurors; and as additional jurors are needed successive drawings shall be ordered by the court until the names contained in said box have been exhausted."

The trial court was right in its construction of the statute. The 1917 amendment does not affect section 7970. The language of the proviso is a bit awkward and involved, but the meaning of the amendment is not doubtful. It intends that a special venire, formerly summoned by the sheriff from the county at large, shall first be drawn from the names in the box, as other jurors are drawn, and shall not be selected by the sheriff from the county at large. The trial court, when the 13 jurors proved to be insufficient, could have ordered a special venire pursuant to the 1917 amendment, or it could have caused jurors to be returned from the bystanders or from the county at large under section 7970.

The question now decided was suggested in State v. Barnes, 140 Minn. 517, 168 N. W. 98, and Wrabek v. Suchomel, 145 Minn. 468, 177 N. W. 764, but in neither did the record present the question for decision.

2. The remaining question refers to alleged errors in charging and refusing to charge upon the question of probable cause. A consideration of the charge leads to the conclusion that it was substantially correct and complete. It was not error to refuse the requested instructions. Some of them directed the jury to give a stated effect to particular facts if found. Others were in substance covered by the general charge. A review of discussion of the claims made would not be helpful in this or other cases.

The plaintiff does not claim that the evidence was such as to require a finding of the want of probable cause, and could not well do so. Not all of the evidence is contained in the paper book. We do not criticize the omission. We have examined the settled case.

The omitted portions go to the question of the sufficiency of the evidence to sustain the verdict and do not affect our decision.

Order affirmed.